**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LOVETTA CLARK,**

    Petitioner,

vs.                                              Case No. 4:08cv7-SPM/WCS

**WARDEN PAIGE AUGUSTINE,**

    Respondent.

_____/

### REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner paid the filing fee.

Petitioner, incarcerated at the Federal Correctional Institution in Tallahassee, seeks relief from a sentence imposed by the Northern District of Georgia. Petitioner relies on the Apprendi, Blakely, and Booker line of cases. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (citation omitted); Blakely v. Washington, 542 U.S. 296, 124 S.Ct.

2531, 2537, 159 L.Ed.2d 403 (2004) (applying Apprendi to a sentence enhanced under state sentencing guidelines); United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (applying Apprendi and Blakely to the Federal Sentencing Guidelines).[1]  Petitioner claims that with good conduct credit she has served the statutory maximum of 20 years.  Doc. 1, p. 3.  She was actually sentenced to a total term of 360 months.  Doc. 1, Ex. B.

Petitioner is in custody, and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and any remedy must therefore be sought pursuant to 28 U.S.C. § 2255 motion, filed in the sentencing court.  § 2255; United States v. Brown, 117 F.3d 471, 475 (11th Cir.1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.").

Section 2255 provides in relevant part:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

(emphasis added).

---

[1] The Federal Sentencing Guidelines are advisory rather than mandatory after Booker; the district court must correctly calculate the defendant's guidelines range and then, using factors in 18 U.S.C. § 3553(a), may impose a more severe or more lenient sentence as long as it is reasonable.  United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005) (citations omitted).

The Eleventh Circuit addressed the meaning of the italicized "savings clause" language in the context of a § 2241 petition bringing claims clearly barred by the successive motion provisions of § 2255:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent defense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).[2] While not deciding whether the savings clause would apply in other sentencing circumstances, the court found it "enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." Id. at 1245. A petitioner may not circumvent restrictions on filing § 2255 motions simply by filing a § 2241 petition. Id.; Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford).[3]

Petitioner Clark previously filed a § 2241 petition in this court challenging the Northern District of Georgia sentence as violating Apprendi. Case 4:01cv300-

---

[2] In that footnote it was noted that even where the savings clause allowed a claim to proceed under § 2241, the proper inquiry would be the same as if the defaulted claim was raised for the first time by § 2255 motion; *i.e.*, whether the petitioner could establish "actual innocence" of the offense under Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Id. n. 3.

[3] Petitioner claims that the remedy afforded by § 2255 is inadequate or ineffective as § 2241 is the "[p]roper vehicle to bring claims of illegal detention," and she cannot file a second or successive § 2255 motion because Apprendi has not been made retroactively applicable to cases on collateral review by Supreme Court. Doc. 1, p. 3.

SPM/WCS.  Petitioner argued that she was entitled to a 20 year sentence in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  The undersigned's report and recommendation, and the order adopting it, docs. 5 and 7 in that file, are attached to the current petition as Ex. C.[4]  As set forth in the undersigned's recommendation of August 17, 2001, even if Petitioner were entitled to relief under Apprendi at that time she had several years to go before the 20 years would expire, so § 2255 was not inadequate or ineffective for purposes of the savings clause and Wofford.  Doc. 5 in that case, *also citing* Bridges v. Vasquez, 151 F.Supp.2d 1353, 1363 (N.D. Fla. 2001).[5]

Dismissal in Bridges had been without prejudice to filing a renewed § 2241 petition if it appeared a ruling on the retroactivity of Apprendi would not be made in time to allow a petitioner to obtain adjudication of a § 2255 motion prior to the possible release date under Apprendi, but no opinion was expressed as to whether § 2241 would be an available remedy.  151 F.Supp.2d at 1363-64 and n. 16.  In apparent reliance on the prior recommendation and Bridges, Petitioner now claims that because the first § 2241 petition was dismissed without prejudice to serve the maximum of 20 years which

---

[4] Petitioner filed another § 2241 petition in this district challenging the jurisdiction of the court in the Northern District of Georgia, and claiming the indictment failed to charge a crime.  The petition was summarily dismissed under the savings clause and Wofford.  *See* 4:03cv330-SPM/AK, docs. 18, 20, and 21 (report and recommendation as adopted and judgment entered on July 15, 2005).  Leave to appeal in forma pauperis was granted, but the appeal dismissed for failure to prosecute.  Docs. 31 and 34 in that case.

[5] The undersigned was guessing at a possible release date in 2005, assuming Petitioner was initially detained in 1989 and would serve at least 16 of 20 years.  *Id.*  According to the current petition, with good conduct time and a 20 year sentence, Petitioner's tentative release date was March of 2007.  Doc. 1, p. 3.

she has now served, she is resubmitting her claim.  Doc. 1, p. 10 (statement of relevant facts).

The opinion in Bridges was issued on July 6, 2001, the undersigned's report and recommendation was entered August 17, 2001, and on September 25, 2001, the Eleventh Circuit held that Apprendi does not apply retroactively on collateral review. McCoy v. United States, 266 F.3d 1245, 1247-58 (11th Cir.), *cert. denied*, 536 U.S. 906 (2001).  The Eleventh Circuit has since held that Blakely and Booker do not apply retroactively on collateral review.  Varela v. United States, 400 F.3d 864, 867-868 (11th Cir.), *cert. denied*, 546 U.S. 924 (2005).  *See also* United States v. Gentry, 432 F.3d 600, 604-605 and n. 4 (5th Cir. 2005) (collecting cases, including Varela, from other circuits).

Whether raised in an initial § 2255 motion, successive § 2255 motion, or by § 2241 petition, Petitioner is not entitled to any relief as the rationale of Apprendi and its progeny does not apply retroactively on collateral review.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be **SUMMARILY DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on February 29, 2008.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:08cv7-SPM/WCS